UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS PEREZ TORNADO, FRANCISCO GOMEZ RAMIREZ, ISMAEL DOLORES GONZAGA, and PRISCO NAJERA, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br><br>COURAGE TEAM INC. (D/B/A PIG HEAVEN) and NANCY LEE (A.K.A. HUIFONG LEE),<br>*Defendants.* | Case No. 18-cv-03982<br><br>SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE</u> |

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs - Carlos Perez Tornado, Francisco Gomez Ramirez, Ismael Dolores Gonzaga, and Prisco Najera ("Plaintiffs") - on the one hand, Courage Team Inc. d/b/a Pig Heaven, ("Defendant Corporation") and Nancy Lee a.k.a. Huifong Lee ("Individual Defendant") (collectively the Defendant Corporation and the Individual Defendants are the "Defendants"), on the other hand. The effective date of this Agreement shall be after full execution and exchange of this Agreement by the parties and upon approval of the terms by the Court ("Effective Date").

      WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

      WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employments and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-03982-GBD (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour laws;

      WHEREAS, Defendants deny any violation of federal and state wage and hour laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

      1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs and any applicable interest, the gross sum of One

1231196.1

Hundred and Fifty Thousand Dollars ($150,000) (the "Settlement Amount") to be paid by attorney's escrow check made payable to "Michael A. Faillace, Esq. as Attorney for Plaintiffs."

2. (a) Kossoff, PLLC, the undersigned attorneys for Defendants and the escrow agent ("Escrow Agent"), represents that they have received and deposited the Settlement Amount in their escrow account. Plaintiffs' counsel shall draft a fairness motion and submit this settlement agreement to the Court for approval. Before the parties submit this Agreement to the Court for approval, Defendants' counsel shall provide verification to Plaintiffs' counsel that the Settlement Amount has cleared her firm's escrow account and is available for payment. In the event of any dispute or doubt as to the genuineness of any document or signature, or uncertainty as to Escrow Agent's duties, then Escrow Agent shall have the right either to continue to hold the funds in escrow or to pay the funds into court pursuant to relevant statute. Escrow Agent shall be entitled to rely upon any judgment, certification, demand or other writing delivered to it hereunder without being required to determine the authenticity or the correctness of any fact stated therein, the propriety or validity thereof or the jurisdiction of a court issuing any judgment. Escrow Agent may act in reliance upon (i) any instrument or signature believed by it in good faith to be genuine and duly authorized and (ii) advice of counsel in reference to any matter or matters connected herewith. Escrow Agent shall not be liable for any error in judgment or for any act done or step taken or omitted in good faith, or for any mistake of fact or law, except for Escrow Agent's own negligence, gross negligence or willful misconduct. The parties acknowledge that Escrow Agent is merely a stakeholder. Upon payment of the funds pursuant to this Agreement, Escrow Agent shall be fully released from all liability and obligations with respect to the funds. In the event the Escrow Agent is the attorney for Defendants or any of their affiliates, Escrow Agent shall be entitled to represent such party in any lawsuit.

(b) Within five business days of the Court's approval of the settlement documents, the Settlement Amount shall be transmitted to Plaintiffs' counsel at Michael Faillace & Associates P.C., 60 East 42nd St. Suite 4510, New York, NY 10165, by either hand delivery or overnight mail. Failure to transmit the Settlement Amount to Plaintiffs' counsel within five business days of Court approval of this Agreement shall constitute a default of this Agreement, and, upon expiration of a two business days' notice to cure sent via email to Defendants' counsel at rlondoner@kaulaw.com and overnight mail to Rani Londoner, Kossoff, PLLC, 217 Broadway, Suite 401, New York, NY 10007, Plaintiffs shall be entitled to pursue a judgment against Defendants for the Settlement Amount in either a District Court or State Court of appropriate jurisdiction.

3. <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenants not to sue Defendants their affiliates and owners, and for each of them, their respective past, present, and future employees, shareholders, partners, lessees, joint ventures, predecessors and successors in interest and/or by merger, direct and indirect subsidiaries, direct and indirect parent companies, their heirs, successors, full or partial assignees, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims"), connected to any and all labor and employment

claims under federal, state, or city law which Plaintiffs at any time have and any claims they may have regarding their employment with Defendants and/or at the Pig Heaven Restaurant.

    4.    No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

    5.    Tax Treatment: Plaintiffs understand and agree that they are solely responsible for and will pay any and all taxes attributable to payment made under this Agreement, and that they will be solely responsible for the payment of all interest and penalties, if any, attributable to the payment made under this Agreement. Plaintiffs agree to defend and indemnify Defendants against any and all tax implications that Defendants may face as a result of the tendering the Settlement Amount. It is expressly acknowledged and agreed that an IRS Form 1099 will be sent to Plaintiffs' counsel in connection with payment of the Settlement Amount. For the purpose of enabling Defendant Corporation to provide him with a W-2 for tax year 2018, Plaintiff Ismael Dolores Gonzaga represents his address is: c/o Michael Faillace & Associates P.C., 60 East 42nd St. Suite 4510, New York, NY 10165.

    6.    Court Approval: In the event the Court declines to approve the fairness of the terms of this Agreement, it shall be null and void unless subsequently modified in a writing signed by counsel for Plaintiffs and Defendants, and the modified Agreement is approved by the Court.

    7.    Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by counsel for Plaintiffs and Defendants.

    8.    Acknowledgments: (a) Plaintiffs and Defendants acknowledge that they have been fully and fairly represented by their respective counsel in this matter.

(b) Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

    9.    Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Ranakdevi Londoner, Esq.
**Kossoff, PLLC**
217 Broadway, Suite 401
New York, NY 10007
T: (212) 267-6364 ext. 217
F: (212) 385-2558
Email: rlondoner@kaulaw.com

    10.    Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, County of New York, in any subsequent proceeding to enforce this Agreement.

    11.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

    12.    Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiffs and their counsel represent that as of the Effective Date they are unaware of any individual other than Plaintiffs with a labor and/or employment claim against any Defendant. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily and that no fraud, duress, coercion, undue influence or pressure of any kind has caused them to enter into this Agreement.

    13.    Interpretation: The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Agreement is the result of extensive negotiations by and between the parties and/or their respective attorneys such that all parties shall be deemed to have drawn the documents in order to avoid any negative inference by any court or administrative agency as against the "drafter" of the Agreement.

    14.    Headings: The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

    15.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of

such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**Plaintiffs:**

Date: 8-16-18     By: _____
                      CARLOS PEREZ TORNADO

Date: 8-16-18     By: _____
                      FRANCISCO GOMEZ RAMIREZ

Date: 8/16-18     By: _____
                      ISMAEL DOLORES GONZAGA

Date: 8/20/18     By: _____
                      PRISCO NAJERA

**Defendants:**

COURAGE TEAM INC.
By: _____
Print Name _____
Date: _____


Date: _____     By: _____
                              NANCY LEE (A.K.A. HUIFONG LEE)

**Escrow Agent:**

Kossoff, PLLC
By: _____
    Mitchell H. Kossoff, Esq.
Date: _____

CERTIFICATE OF TRANSLATION

I, Ana M. Blanco, am competent to translate from Spanish into English, and certify that I have truly and accurately translated the within Settlement Agreement to Plaintiffs to the best of my abilities.

_____
Signature of Translator

Ana Maria Blanco
Name of Translator
Address of Translator 60 E 42nd St, Suite 4510, NY, NY 10161
(787) 362-2202
Telephone Number of Translator

such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**Plaintiffs:**

Date: _____     By: _____
                            CARLOS PEREZ TORNADO

Date: _____     By: _____
                            FRANCISCO GOMEZ RAMIREZ

Date: _____     By: _____
                            ISMAEL DOLORES GONZAGA

Date: _____     By: _____
                            PRISCO NAJERA

**Defendants:**

COURAGE TEAM INC.
By: _____
Print Name  HUI-FONG LEZ
Date: 8/15/18

Date: 8/15/18          By: _____
                           NANCY LEE (A.K.A. HUIFONG LEE)

**Escrow Agent:**

Kossoff, PLLC
By: _____
    Mitchell H. Kossoff, Esq.
Date: 8/15/18

CERTIFICATE OF TRANSLATION

I, _____, am competent to translate from Spanish into English, and certify that I have truly and accurately translated the within Settlement Agreement to Plaintiffs to the best of my abilities.

_____
Signature of Translator

_____
Name of Translator
Address of Translator


_____
Telephone Number of Translator